# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

========================

## ON MOTION FOR REHEARING

========================

## NO. 03-04-00718-CR

**Raymond Garcia, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. 9044143, HONORABLE JON N. WISSER, JUDGE PRESIDING

## C O N C U R R I N G / D I S S E N T I N G   O P I N I O N

Because I disagree with the majority's assertion that the admission of the only evidence supporting Garcia's conviction for aggravated assault did not violate the Confrontation Clause, I respectfully dissent. Because Garcia's three other convictions were supported by evidence whose admission did not violate the Confrontation Clause, I concur in the majority's affirmance of those convictions.

While the portions of Officer Norell's testimony recounting Jessica Garcia's statements about the abduction of her child constituted nontestimonial hearsay because those statements were provided in an effort to resolve an ongoing emergency, the Supreme Court has noted that "a conversation which begins as an interrogation to determine the need for emergency

assistance" may "evolve into testimonial statements once that purpose has been achieved." *Davis v. Washington*, 126 S. Ct. 2266, 2277 (2006) (citation and internal quotation marks omitted). The Supreme Court provided a solution for such a situation: "[T]rial courts will recognize the point at which, for Sixth Amendment purposes, statements in response to interrogations become testimonial. Through *in limine* procedure, they should redact or exclude the portions of any statement that have become testimonial, as they do, for example, with unduly prejudicial portions of otherwise admissible evidence." *Id.* The trial court erred by not taking such measures in this case.

It strains credulity to suggest, as the majority does, that Jessica Garcia's statements to Norell about being threatened with a fireplace poker were elicited to assist the police in resolving an ongoing emergency by giving them information about "whom they are dealing with in order to assess the situation, the threat to their own safety, and possible danger to the potential victim." A more plausible explanation is that Jessica Garcia viewed the assault on her and the abduction of her child as one transaction and detailed all the events involved in this traumatic incident in response to a general question by Norell. Indeed, Norell testified:

A.   I asked her what happened and she told me what happened.

Q.   Did she just spill the whole story out all at once, or did you listen to part of it and then ask her questions to develop more details, I guess?

A.   I would ask her a question, you know, if she said a particular thing that I needed more information on.

Jessica Garcia's conversation with Norell evolved from nontestimonial statements, elicited to enable the police to meet the ongoing emergency of her child's abduction, to testimonial

statements when she began detailing past events in the criminal episode. When she described being threatened with a fireplace poker, she was acting as a witness; what she said was "a weaker substitute for live testimony." *See id.* Therefore, the trial court should have excluded that portion of Norell's testimony. Because Norell's testimony was the only evidence supporting Garcia's conviction for aggravated assault, I would reverse that conviction.

Because Garcia's simple assault conviction was supported by nontestimonial hearsay from Jessica Garcia's 911 call, his endangering a child conviction was supported by nontestimonial hearsay from the 911 call and Jessica Garcia's conversation with Norell, and his violation of protective order conviction was supported by nontestimonial hearsay from the 911 call, the conversation with Norell, and the admission into evidence of the protective order at trial, I concur in the majority's affirmance of those three convictions.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Filed:   December 29, 2006

3